CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
*crainey@hamricklaw.com*
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ME2 PRODUCTIONS, INC. a Nevada corporation,<br>Plaintiff,<br>vs.<br>DOES 1 – 20<br>Defendants | Case No.: 2:17-cv-00124<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

Pending before the Court is Plaintiff's motion for leave to conduct limited discovery prior to the conference required under Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"). Docket No. 3. For the reasons that follow, Plaintiff's motion is GRANTED.

Plaintiff alleges that Defendants used BitTorrent, an Internet peer-to-peer file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work in violation of the Copyright Act, 17 U.S.C. § 101 et seq. See Docket No. 1 at 3-11. To date, Plaintiff can only identify Defendants by the Internet Protocol ("IP") addresses they used to allegedly infringe on Plaintiff's copyright. Docket No. 3 at 2. Plaintiff represents that Internet Service Providers ("ISPs") maintain logs that record the date, time, and customer identity for each IP address assignment they make. *Id.* Plaintiff seeks leave "to serve limited, immediate discovery" on the ISPs that own the IP addresses at issue in this case in order to ascertain Defendants' true identities. *Id.* In particular, Plaintiff requests leave

to serve FRCP 45 subpoenas upon Defendants' ISPs and any related intermediary ISPs that own the relevant IP addresses, prior to the FRCP 26(f) conference. *See id.*

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. 26(d)(1). Courts have adopted a good cause standard to evaluate requests for expedited discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In *Semitool*, the Court found that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* "[G]ood cause is frequently found in cases involving claims of infringement[.]" *Id.*; *see also Liberty Media Holdings, LLC v. Letyagin*, 2012 WL 3135671, *3 (D. Nev. Aug. 1, 2012)

The Ninth Circuit has held that where the identity of the defendants is unknown prior to the filing of a complaint, the plaintiff should be given opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). Moreover, this Court has issued orders nearly identical to the present one in multiple cases torrent piracy cases with facts and issues nearly identical to those presented in the present case. *See e.g.*, Case No. 2:16-cv-01853-JAD-VCF; Case No. 2:16-cv-01968-RFB-CWH; Case No. 2:16-cv-02028-APG-CWH; Case No. 2:16-cv-02142-RFB-VCF; and Case No. 2:16-cv-02201-APG-VCF.

For good cause shown, the Court GRANTS Plaintiff's motion. Docket No. 3. Plaintiff may serve Rule 45 subpoenas upon the ISPs and any related intermediary ISPs that own the IP addresses at issue in the instant case, prior to the Rule 26(f) conference. The subpoenas will demand solely the true name, address, telephone number, e-mail address, and Media Access Control address for the account holder to whom the relevant IP addresses were assigned at the date(s) and time(s) that the alleged infringement activity

occurred. Plaintiff will use the information it obtains from the ISPs in response to these subpoenas solely to prosecute the claims it has made in the instant case.

IT IS SO ORDERED

DATED: January 17, 2017

UNITED STATES MAGISTRATE JUDGE

*Respectfully submitted by.*

/s/ Charles Rainey
CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
*crainey@hamricklaw.com*
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
*Attorney for Plaintiff*